LEONG KUNIHIRO LEZY & BENTON
Attorneys at Law – A Law Corporation

NORMAND R. LEZY         6297-0
   E-Mail: nrl@lklb-law.com
SHAWN L. M. BENTON      8332-0
   E-Mail: sb@lklb-law.com
1212 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone: (808) 524-7575
Facsimile: (808) 524-7878

Attorneys for Defendant
HMS-HAWAII, INC. dba
HORNBLOWER MARINE SERVICES-HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEONORA SISON,<br><br>       Plaintiff,<br><br>vs.<br><br>HMS-HAWAII, INC., DBA HORNBLOWER MARINE SERVICES, -HAWAII; DOES 1 through 10, in personam; and, the ALAKAI, In Rem, O.N. 1182234,<br><br>       Defendant. | CIVIL NO 11-00730 SOM-RLP<br><br>**DEFENDANT HMS-HAWAII, INC. DBA HORNBLOWER MARINE SERVICES-HAWAII'S ANSWER TO COMPLAINT FOR PERSONAL INJURIES AND DAMAGES UNDER THE JONES ACT FOR NEGLIGENCE; UNDER GENERAL MARITIME LAW FOR UNSEAWORTHINESS AND FOR MAINTENANCE AND CURE; CERTIFICATE OF SERVICE** |

**DEFENDANT HMS-HAWAII, INC. DBA HORNBRLOWER MARINE SERVICES-HAWAII'S ANSWER TO COMPLAINT FOR PERSONAL INJURIES AND DAMAGES UNDER THE JONES ACT FOR NEGLIGENCE; UNDER GENERAL MARITIME LAW FOR UNSEAWORTHINESS AND FOR MAINTENANCE AND CURE**

COMES NOW Defendant HMS-HAWAII, INC. DBA HORNBLOWER MARINE SERVICES-HAWAII ("DEFENDANT"), by and through its attorneys LEONG KUNIHIRO LEZY & BENTON, and answers the Complaint for Personal Injuries and Damages Under the Jones Act for Negligence; Under General Maritime Law for Unseaworthiness and for Maintenance and Cure Damages filed by Plaintiff LEONORA SISON ("PLAINTIFF") on December 5, 2011 ("Complaint") as follows:

**FIRST DEFENSE:**

1. The Complaint fails to state a cause of action upon which relief may be granted.

**SECOND DEFENSE:**

2. The acts and injuries alleged were proximately caused by the negligent and/or intentional acts of PLAINTIFF.

**THIRD DEFENSE**:

3. The acts and injuries alleged were proximately caused by the acts of others and DEFENDANT was in no way at fault.

**FOURTH DEFENSE:**

    4.    PLAINTIFF has failed to mitigate his damages.

**FIFTH DEFENSE:**

    5.    PLAINTIFF's claims are barred by the applicable provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §901, et seq.

**SIXTH DEFENSE:**

    6.    DEFENDANT will rely upon the provisions of and protections afforded by the Limitation of Shipowner's Liability Act, 46 U.S.C. Chapter 305.

**SEVENTH DEFENSE:**

    7.    DEFENDANT will rely upon the defenses of set-off, offset, payment and/or satisfaction.

**EIGHTH DEFENSE (JURISDICTION):**

    8.    Paragraph 1 of the Complaint does not set forth allegations answerable by DEFENDANT.

    9.    In response to Paragraph 2 of the Complaint, DEFENDANT admits that the Complaint appears to set forth claims under the Jones Act (46 U.S.C. §§30104, et seq.) and the general maritime law and that this Court has subject matter jurisdiction over such claims. All remaining allegations set forth in Paragraph 2 of the Complaint are denied.

**NINTH DEFENSE (PARTIES AND RELATIONSHIPS):**

10. DEFENDANT is without information sufficient to form a belief as to the truth of the allegations in Paragraphs 3, 4, and 5 of the Complaint, therefore they are denied.

11. DEFENDANT denies Paragraph 6 of the Complaint.

12. DEFENDANT is without information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, therefore they are denied.

13. In response to Paragraph 8 of the Complaint, DEFENDANT admits that on or about December 11, 2008, PLAINTIFF was employed by DEFENDANT and was working aboard the M/V <u>ALAKAI</u>, O.N. 1182234 ("Vessel"). All remaining allegations set forth in Paragraph 8 of the Complaint are denied.

14. In response to Paragraph 9 of the Complaint, DEFENDANT denies that on or about December 11, 2008 it owned or operated the Vessel. DEFENDANT is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 9 of the Complaint, therefore they are denied.

15. DEFENDANT denies Paragraph 10 of the Complaint.

**TENTH DEFENSE (FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR NEGLIGENCE UNDER THE JONES ACT):**

16. In response to Paragraph 11 of the Complaint, DEFENDANT admits that PLAINTIFF and DEFEDANT entered into an employment agreement within the State of Hawaii and that on or about December 11, 2008, PLAINTIFF was employed by DEFENDANT and was working aboard the Vessel. All remaining allegations set forth in Paragraph 11 of the Complaint are denied.

17. Paragraphs 12, 13, 14, 15, and 16 of the Complaint purport to make statements of law and/or require legal conclusions  The law speaks for itself. All remaining allegations set forth in Paragraphs 12, 13, 14, 15, and 16 of the Complaint that are not a statement of law/legal conclusion are denied.

**ELEVENTH DEFENSE (SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR UNSEAWORTHINESS):**

18. In response to Paragraph 17 of the Complaint, DEFENDANT repeats and incorporates its responses to Paragraphs 1 through 16 of the Complaint as though fully set forth herein.

19. Paragraph 18 of the Complaint purports to make a statement of law and/or requires a legal conclusion.  The law speaks for itself.  All remaining allegations set forth in Paragraph 18 of the Complaint that are not a statement of law/legal conclusion are denied.

**TWELFTH DEFENSE (THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR MAINTENANCE AND CURE, FOUND AND WAGES AND ATTORNEYS FEES):**

20. In response to Paragraph 19 of the Complaint, DEFENDANT repeats and incorporates its responses to Paragraphs 1 through 18 of the Complaint as though fully set forth herein.

21. Paragraphs 20, 21, 22, 23, 24, 25, and 26 of the Complaint purport to make a statement of law and/or requires a legal conclusion. The law speaks for itself. All remaining allegations set forth in Paragraphs 20, 21, 22, 23, 24, 25, and 26 of the Complaint that are not a statement of law/legal conclusion are denied.

**THIRTEENTH DEFENSE (DAMAGES AS TO ALL DEFENDANTS):**

22. Paragraph 27 of the Complaint purports to make a statement of law and/or requires a legal conclusion. The law speaks for itself. All remaining allegations set forth in Paragraph 27 of the Complaint that are not a statement of law/legal conclusion are denied.

23. DEFENDANT gives notice that it intends to reply upon any other matter constituting an avoidance or an affirmative defense as provided under Fed.R.Civ.P. 8(c).

24. Any allegation set forth in the Complaint that is not specifically admitted or denied herein is denied.

25. DEFENDANT reserves the right to amend this Answer, to file Third-Party Complaints, Counterclaims, and/or Cross-Claims as may later be warranted or required.

WHEREFORE, Defendant HMS-HAWAII, INC. DBA HORNBLOWER MARINE SERVICES–HAWAII, prays as follows:

1. That the Complaint be dismissed and DEFENDANT be awarded its costs, attorneys' fees, and such other relief as the Court deems just.

2. That if DEFENDANT and PLAINTIFF are each found to be negligent, that the relative degree of fault of each be determined and judgment be rendered accordingly.

DATED: Honolulu, Hawaii, January 7, 2013.

/s/ Normand R. Lezy
NORMAND R. LEZY
SHAWN L.M. BENTON
Attorneys for Defendant
HMS-HAWAII, INC. dba
HORNBLOWER MARINE SERVICES- HAWAII

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document was duly served upon the following on this date as indicated below:

**CM/ECF**

DOUGLAS THOMAS MOORE, ESQ.    X
1188 Bishop Street, Suite 1401
Honolulu, Hawaii 96813

Attorney for Plaintiff
LEONORA SISON

DATED: Honolulu, Hawaii, January 7, 2013.

/s/ Normand R. Lezy
NORMAND R. LEZY
SHAWN L.M. BENTON
Attorneys for Defendant
HMS-HAWAII, INC. dba
HORNBLOWER MARINE SERVICES- HAWAII